SHAWN KHORRAMI, ESQ., SBN 180411
BAHAR DEJBAN, ESQ., SBN 240135
KHORRAMI POLLARD & ABIR, LLP
444 South Flower Street, 33rd Floor
Los Angeles, CA 90071
Tel: (213) 596-6000
Fax: (213) 596-6010

BRIAN KABATECK, ESQ., SBN 152054
RICHARD KELLNER, ESQ., SBN 171416
KABATECK BROWN KELLNER, LLP
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Attorneys for Plaintiff

FILED
2008 JUN 27 PM 3:01
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

CV08-04273 JSL (AGRx)

BARBARA GIBSON,

Plaintiff,

v.

DAVOL, INC., and C.R. BARD, INC.,

Defendants .

COPY

CASE NO:

**COMPLAINT FOR DAMAGES**

1. **NEGLIGENCE**
2. **STRICT PRODUCT LIABILITY - MANUFACTURING AND DESIGN DEFECT**
3. **BREACH OF IMPLIED WARRANTY**
4. **STRICT PRODUCT LIABILITY- FAILURE TO WARN**

**DEMAND FOR JURY TRIAL**

///

///

///

///

Plaintiff, Barbara Gibson, brings this action against Defendants and allege as follows:

## NATURE OF THE ACTION

1. Plaintiff Barbara Gibson developed serious and potentially life threatening conditions as a result of a defective Bard Composix Kugel Mesh Hernia Patch, manufactured by Defendants DAVOL, INC., and C.R. BARD, INC. Plaintiff seeks relief for her injuries under the claims of Negligence, Strict Product Liability - Manufacturing and Design Defect, Breach of Implied Warranty, and Failure to Warn.

## PARTIES

2. Plaintiff Barbara Gibson ("Ms. Gibson") is a resident of the state of New York. Ms. Gibson had hernia repair surgery which involved the implantation of a Composix Kugel Mesh.

3. Defendant, Davol Inc.("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principle place of business in the State of Rhode Island. It manufactures the Composix®) Kugel Mesh Patches ("Kugel Mesh") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy. DAVOL designed, manufactured, tested, recommended, promoted, distributed, merchandised, advertised, supplied and sold to distributors, physicians, and hospitals, certain hernia surgical repair products that were to be surgically implanted in patients throughout the United States.

4. Defendant C.R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. BARD has its principle place of business at 730 Central Avenue, Murray Hill, New Jersey, 07974, County of Union. It is the corporate parent/stockholder of DAVOL and participates in the

manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant designed, manufactured, tested, recommended, promoted, distributed, merchandised, advertised, supplied and sold to distributors, physicians, and hospitals, certain hernia surgical repair products that were to be surgically implanted in patients throughout the United States.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1332 (diversity of citizenship). The matter in controversy in this civil action exceeds the sum of $75,000, exclusive of interest and costs and is between citizens of different states.

6. Venue in this jurisdiction is proper pursuant to 28 U.S.C. §1391. A defendant is deemed to reside in any judicial district where its contacts would be sufficient to subject it to personal jurisdiction at the time the action is commenced. Both DAVOL and BARD transact business and have purposefully availed themselves of the benefits and protections of the State of California. BARD and DAVOL have designed, manufactured, tested, recommended, promoted, distributed, merchandised, advertised, supplied and sold to distributors, physicians, and hospitals, certain hernia surgical repair products that were to be surgically implanted in patients in this District and as such, have had sufficient contacts to subject them to personal jurisdiction at the time the action is commenced.

## BACKGROUND AND FACTUAL ALLEGATIONS

7. This action involves the Composix Kugel Mesh Patch manufactured by Defendants between 2001 and March 2006. These mesh patches were sold by Defendants for implantation in patients in the course the course of hernia repair surgery.

8. The Kugel Mesh line of products was first manufactured by Surgical Sense, Inc., starting in or around 1996. BARD acquired the line in 2000 and

introduced the Composix Kugel Mesh Patch through its subsidiary, DAVOL.

9. The Kugel Patch is a polypropylene mesh prosthetic device developed to repair ventral hernias, or hernias of the abdominal region. A hernia occurs when the stomach muscles are too weak to contain the intestines, and as a result, a rupture occurs which causes the intestines to protrude. During the hernia repair surgery the patch is inserted behind the hernia defect through a small incision. In order for the mesh to fit through this incision the mesh needs to be folded in half. Once inserted, the mesh re-deploys with the help of a hard "memory recoil ring" (or "PET coil ring") that surrounds the mesh.

10. Due to the defects in the design and manufacturing of the Composix Kugel Mesh Patch, the "memory recoil ring" that opens the patch can break under stress or pressure, including the stress of placement into the intra-abdominal space. Once the memory recoil ring is broken, it can cause serious and potentially life threatening injuries such as: intestinal perforations, ring migration through the abdominal wall, abscesses, bowel obstruction and sepsis, and chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs).

11. Because of the dangerous and defective condition, and the numerous serious injuries that resulted, the FDA issued the first Class 1 recall of various lots of the Kugel Patches on December 22, 2005. The Class 1 recall was expanded in subsequent recalls on March 31, 2006 and January 24, 2007. A Class 1 recall is the highest recall available to the FDA and it is issued when the FDA believes that a medical product is dangerous or defective and could cause serious injury or death. Although not all sizes of the Kugel Patch have been recalled, they all have the defective "memory recoil ring".

12. Upon information and belief, DAVOL and BARD failed to comply with FDA application reporting requirements and knew, or in the exercise of reasonable care should have known, that the aforesaid products were of such a

nature that they were not properly manufactured, tested, inspected, packaged, distributed, marketed, examined, sold, supplied, prepared, and/or provided with proper warnings, were not suitable for the purpose they were intended and were unreasonably likely to injure the product's users.

13. Defendants' Kugel Patches are defective because they have a high risk of breakage or malfunction of the memory recoil ring and, as a result, are likely to result in serious injury. Defendants failed to timely inform the public or physicians of the defect in their Kugel Patches, despite their knowledge of the potential risk of the memory recoil ring failing.

14. On April 18, 2005, Ms. Gibson underwent a hernia repair surgical procedure at North Shore University Hospital in New York to repair a hernia, during which two Composix Kugel Mesh Patches were implanted.

15. The Composix Kugel Patches that were implanted into Ms. Gibson were designed, manufactured, sold and distributed by Defendants to be used by surgeons for hernia repair surgeries and was further represented by Defendants to be an appropriate, safe, cost-effective and suitable product for such purposes.

16. Following her surgery, she suffered from a number of complications, including an infection and a bowel perforation. Subsequently, she had the Kugel mesh patches removed on January 26, 2006, during which time she had to have a small bowel resection performed.

17. The failure of the memory recoil ring on the Kugel Patch implanted into Ms. Gibson caused it to break and directly contributed to the Ms.Gibson's pain, suffering, complications, and need for additional surgeries.

## FRAUDULENT CONCEALMENT

18. Any applicable statute of limitations have been tolled by the knowing and active concealment and denial of facts as alleged herein by the Defendants. Plaintiffs have been kept in ignorance of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Plaintiff could

not have reasonably discovered the dangerous nature and unreasonable adverse side effects associated with the Kugel Patch.

19. Defendants are and were under a continuing duty to disclose the true character, quality and nature of the patch implanted into Ms. Gibson, but instead they concealed it. Because of their concealment of the true character, quality and nature of their hernia repair patch, Defendants are estopped from relying on any statute of limitations defense.

**FIRST CAUSE OF ACTION**
*Negligence*
(Against all Defendants)

20. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

21. Defendants DAVOL and BARD were negligent to Plaintiff in the following respects:

22. DAVOL and BARD, at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

23. DAVOL and BARD at all times mentioned knew, or in the exercise of reasonable care, should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure its users.

24. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, failed to label, distributed, recommended, displayed, sold, examined, failed to examine, and supplied the Kugel Patch, that it was dangerous and unsafe for the use and purpose for which it was intended.

25. DAVOL and BARD were aware of the probable consequences of the Composix Kugel Patch. DAVOL and BARD knew or should have known the

Composix Kugel Patch would cause serious injury. They failed to disclose the known or knowable risks associated with the Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, they acted in conscious disregard of Ms. Gibson.

26. Defendants DAVOL and BARD owed a duty to Ms. Gibson to adequately warn her and her treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

27. DAVOL and BARD breached their duty by failing to comply with the state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution and/or sale of the Kugel Patch.

28. As a direct and proximate result of the duties breached, the Kugel Patch used in Ms. Gibson's hernia repair surgery failed, resulting in Ms. Gibson's suffering pain and harm.

29. As a direct and proximate result of the Defendant's negligence, Ms. Gibson has suffered injuries and damages.

30. DAVOL and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and no performing as represented and intended, showed complete indifference to or conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**SECOND CAUSE OF ACTION**
***Strict Product Liability - Manufacturing and Design Defect***
(Against all Defendants)

31. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

32. Defendants DAVOL and BARD are strictly liable to Plaintiff in the

following respects:

33. DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

34. The Kugel Patches were defective because they failed to perform safe and effectively for the purpose they were originally designed. Ms. Gibson Composix Kugel Patches failed while in her body causing her to develop serious physical complications which required subsequent, painful and unnecessary removal surgery.

35. At all times mentioned, the Composix Kugel Patch was substantially in the same condition when it left the Defendants' possession.

36. At all times mentioned, the Composix Kugel Patch implanted into Ms. Gibson was being used in the manner reasonably anticipated at the time it was implanted.

37. The Kugel Patches, like the one found in Ms. Gibson, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented unreasonable risk of injury to Ms. Gibson as follows:

A. The Kugel Patch was sold in a defective condition by design and manufacture;

B. The Kugel Patch as designed and manufactured was unsafe to Ms. Gibson;

C. The Kugel Patch as designed and manufactured was unreasonably dangerous to Ms. Gibson;

D. The Kugel Patch did not perform safely as an ordinary consumer/patient, like Ms. Gibson, would expect;

E. The Kugel Patch as designed and manufactured, was unsafe for intended use;

F. DAVOL and BARD failed to warn the end user about the

dangers and risks of their product;

G. DAVOL and BARD knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause serious injury to the end user;

H. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

I. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of hernia repair surgery;

J. Any other acts or failures to act by DAVOL and BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale Kugel Patches for hernia repair surgery as will be learned during discovery.

38. Defendants' conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that the patch's were failing and not performing as represented and intended showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL and BARD, and others from similar conduct in the future.

## THIRD CAUSE OF ACTION
***Breach of Implied Warranty***
(Against all Defendants)

39. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

40. Defendants DAVOL and BARD are liable to Ms. Gibson for their breach of implied warranty in the following respects:

41. DAVOL and BARD sold the Kugel Patch which was implanted into

Ms. Gibson. Defendants impliedly warranted to Ms. Gibson, her physicians and health care providers, that the Kugel Patch was of merchantable quality and safe for which it was intended.

42. Defendants knew or should have known that the Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

43. Ms. Gibson, her physicians and health care providers reasonably relied on Defendants' judgment, indications and statements that the Kugel Patch was fit for such use.

44. When the Kugel Patches are were distributed into the stream of commerce and sold by Defendants, the were unsafe for their intended use, and not of merchantable quality, as warranted by Defendants in that they had very dangerous propensities when used as intended and implanted into the patient's body where they could cause serious injury of harm or death.

45. Ms. Gibson suffered such injuries and damages as a result of Defendants' conduct and actions.

**FOURTH CAUSE OF ACTION**
***Failure to Warn***
(Against all Defendants)

46. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

47. In the course of business, DAVOL and BARD designed, manufactured and sold Composix Kugel Patches.

48. At the time of the design, manufacture and sale of the Kugel Patch, specifically at the time Ms. Gibson received the Kugel Patch, they were defective and unreasonbly dangerous when put to their intended use and reasonably anticipated use. Further the Kugel Patches were not accompanied by proper warnings regarding the significant adverse consequences associated with the Kugel Patch.

49. DAVOL and BARD failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. Defendants failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patch, including but not limited to rupture of the Patch causing severe injuries such as bowel perforations, bowel obstructions, fistulaes and recurring infections which would require multiple subsequent surgeries.

50. At all time mentioned, Ms. Gibson did not know of the defective condition, danger of breakage and the high risk of subsequent bodily injury until it was presented in the media.

51. Ms. Gibson suffered the aforementioned injuries and damages as a direct result of Defendants' failure to warn.

52. Defendants' conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that the patch's were failing and not performing as represented and intended showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD, and others from similar conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows for:

1. Costs of suit incurred herein;
2. Special damages according to proof;
3. General damages according to proof;
5. For such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this case.

DATED: June 26, 2008 KHORRAMI POLLARD & ABIR

By: ______________________

BAHAR DEJBAN, ESQ.
SHAWN KHORRAMI, ESQ.
KHORRAMI POLLARD & ABIR, LLP

BRIAN KABATECK, ESQ.
KABATECK BROWN KELLNER, LLP

Attorneys for Plaintiff